## MARGARET E. WOODWARD *v.* A. LEDOUX & Co.

The purchaser of a tract of land cannot refuse to pay, on the ground that the vendor's title has not been confirmed by the United States.

The purchaser is not entitled to a diminution of the price where the deficiency in the land does not exceed one-twentieth of the tract sold.

APPEAL from the District Court, Seventh District, *Stirling,* J. *Ratliff,* for plaintiff and appellant. Cited C. C. 2427; 9 Rob. 283; 10 Rob. 425; 5

<div style="margin-left:2em">

WOODWARD
*v.*
LEDOUX.

</div>

Rob., 193; 1 A., 284; 12 Rob., 626; 4 A., 458; *Noe* v. *Taylor*, 11 Rob., 556; *Toledano* v. *Desban*, 4 Rob., 330; 4 R., 315; 5 Rob., 75; 10 R., 5; 2 A., 135; 3 A., 192; 4 A., 109. *Brewer & Collins* and *U. B. & E. Phillips*, for defendant.

DUNBAR, J. The defendants sold a "tract of land, situate in the parish of West Feliciana, on the waters of Thompson's Creek, adjoining and bounded by lands of Cyrus Ratliff, Riddle and others, containing about seventeen hundred and twenty arpens, be the same more or less," to the plaintiff, for the sum of sixteen thousand dollars. A mortgage, to secure the payment of the price, was retained on the property, and the purchaser failing to pay the purchase money, as stipulated in the act of sale and mortgage, the vendors took out an order of seizure and sale, which was enjoined by the plaintiff in the present suit.

The District Judge sustained the injunction until the defendants should give security to indemnify the plaintiff against any damages she may suffer from being evicted from said land, or until defendants furnish her with a good and valid title, and upon defendants giving bond and security, as specified in the decree, it was ordered that the injunction be dissolved.

From this judgment the plaintiff has appealed.

The grounds of plaintiff, for resisting the payment of the purchase money, are,

First. That the vendors have no title out of the government of the United States, and, consequently, having no title, they cannot be permitted to give security and require payment, as the defect is incurable, and no lapse of time would cure the defect, as prescription does not run against the government of the United States.

Second. That the quantity of land is greatly deficient, and that other persons are in possession of a portion of said land and refuse to give it up.

Third. That there are judgments and mortgages, and suits brought, claiming a lien upon the land, which vendois are bound to remove, or quiet, before they can exact payment.

In support of the first ground of the defence, the plaintiff introduced the testimony of *Amos Kent*, Register of the United States, and *R. W. Boyd*, the United States Surveyor General for the State of Louisiana, who prove in substance, that they have been unable to find any confirmation by the United States Government of the land sold by the defendants to the plaintiff. This, however, is by no means conclusive as to the defectiveness of the title of defendants. Their title may have been complete under the French or Spanish government, and required no confirmation to give it validity under ours. If not complete and requiring confirmation, it does not follow that this confirmation will not be yet obtained. In the case of *Guidry* v. *Green*, 1st Martin, N. S., 475, it was held: "That the purchaser of a tract of land of 1400 arpents cannot refuse payment on the ground, that the United States have only confirmed the title to 640." In the case of *Bessy* v. *Pintado et als*, 3d La., 489, it was decided, "that the sale of land, under a Spanish grant, is not void, because the United States refused to confirm it, nor does that circumstance amount to an eviction." See also the case of *Pepper* v. *Dunlap*, just decided by this Court. We have, therefore, concluded that this defence is untenable.

The next ground of defence—that the land is deficient in quantity, and that persons are in possession of a portion of it and refuse to give it up—we consider equally untenable. The evidence shows that the plaintiff has, within the

boundaries of the tract as possessed by her, 1653 arpents of the 1720 sold; and this deficiency would not entitle her to a diminution in price, as it does not exceed one-twentieth. Civil Code, Art. 2470.

<div align="right"></div>

The last objection of the plaintiff, of suits, liens and mortgages against the tract of land sold to her, has been removed by the judgment of the Court below, requiring the vendors to give security—which they allege they are willing to do. Civil Code, Art. 2535.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.

Rehearing refused.